UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ROBERT L. BOYD,**
    **Plaintiff,**

    v.                                Case No. 13-C-0021

**YRC INC.,**
    **Defendant.**

---

## DECISION AND ORDER

    Robert L. Boyd, proceeding pro se, filed a complaint against his former employer alleging disability discrimination in violation of the Americans with Disabilities Act. In drafting his complaint, Boyd used a form complaint that this court makes available to pro se litigants. On the caption of that form, Boyd identified the defendant as "Y.R.C. Yellow/Roadway Corporation." However, in a section of the form that asks the plaintiff to identify the parties, Boyd identified the defendant as "Y.R.C. Inc." and indicated that the defendant's address was 6880 South Howell Avenue, Oak Creek, Wisconsin. On March 11, 2013, Boyd filed an affidavit from his process server indicating that a copy of the summons and complaint had been personally served on Kent Adams as the person apparently in charge of the offices of "Yellow Roadway" located on South Howell Avenue. The affidavit indicated that service was completed on January 29, 2013, and thus the defendant's response to the complaint was due on February 19, 2013. See Fed. R. Civ. P. 12(a)(1)(A)(I). No responsive pleading was filed by that date.

    On March 11, 2013, however, a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) was filed on behalf of the defendant. The defendant argued

that Boyd's claim was barred by the statute of limitations because Boyd did not file his complaint within 90 days of his receipt of the right-to-sue letter from the EEOC. In its brief in support of that motion, the defendant identified itself as "Yellow Roadway Corporation (presently known as YRC Freight)." See ECF No. 8, at 1. In his response to this motion, Boyd pointed out that the defendant's response to the complaint was not filed within 21 days and that therefore the defendant was in default. See Fed. R. Civ. P. 55(a).

In its reply brief, the defendant for the first time asserted that the "proper" defendant in this case is an entity known as YRC Worldwide Inc. The defendant then asserted that because Boyd never served a copy of the summons and complaint on YRC Worldwide Inc., he had failed to serve the proper defendant. The defendant argued that Boyd's complaint should be dismissed for insufficient service of process. See Fed. R. Civ. P. 12(b)(5).

I am not sure why YRC Worldwide Inc. thinks that it is the proper defendant in this case. According to the defendant, YRC Inc. and YRC Worldwide Inc. are two distinct legal entities, with YRC Worldwide Inc. being the parent company of YRC Inc. See Decl. of Paula E. Day ¶ 5. However, YRC Worldwide Inc. admits that Boyd worked for YRC Inc. rather than YRC Worldwide Inc. Id. ¶ 4. Since Boyd alleges that the defendant is liable for employment discrimination, the only reasonable inference is that he intended to sue YRC Inc. rather than YRC Worldwide Inc. Although, as noted, Boyd describes the defendant slightly differently in the caption of the complaint than he does in the body of the complaint, he nowhere uses the word "Worldwide" or otherwise indicates that he really meant to sue YRC Inc.'s parent company, and he does identify the defendant precisely as "YRC Inc." in the body of the complaint. Moreover, Boyd identifies the address of the

defendant as 6880 South Howell Avenue, Oak Creek, Wisconsin, which is the address of YRC Inc. rather than YRC Worldwide. See Decl. of Kent Adams ¶¶ 1, 3. Thus, it is clear that the "proper" defendant is YRC Inc. rather than YRC Worldwide Inc. See Tremps v. Ascot Oils, Inc., 561 F.2d 41, 44 (7th Cir. 1977).

Given that the proper defendant is YRC Inc. rather than YRC Worldwide, I will deny YRC Worldwide's motions on the ground that it is not a party to this case and has no standing to assert defenses on behalf of YRC Inc. Moreover, since it appears that the actual defendant, YRC Inc., has failed to plead or otherwise defend, I will instruct the Clerk of Court to enter its default. If the plaintiff wishes, he may move for a default judgment under Federal Rule of Civil Procedure 55(b). If YRC Inc. chooses to appear in this case and believes that there is good cause for setting aside its default, it may file a motion to set aside the default. See Fed. R. Civ. P. 55(c).

Accordingly, **IT IS ORDERED** that defendant's motion to dismiss (ECF Nos. 5 & 7) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss the defendant's motion to dismiss (ECF No. 10), and his motion for equity and tolling (ECF No. 17) are **DENIED** as **MOOT**.

**FINALLY, IT IS ORDERED** that Clerk of Court enter the default of YRC Inc. The Clerk of Court should also modify the docket to reflect that the name of the proper defendant is YRC Inc.

Dated at Milwaukee, Wisconsin, this 28th day of June 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge